UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ALLISON KATE CHAPMAN, | Case No. 6:23-cv-00907-MK |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| CITY OF COOS BAY, OREGON, *et al.* | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Allison Kate Chapman ("Plaintiff") brings this action alleging a variety of civil rights claims against Defendant City of Coos Bay, Oregon. Third Am. Compl. ("TAC"), ECF No. 37. Before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 81) For the reasons below, Plaintiff's motion should be denied.

## BACKGROUND

Plaintiff is a resident of North Bend, Oregon. TAC at *1. The Coos Bay Police Department has issued Plaintiff multiple citations for traffic violations since 2017. Def. Coos Bay Answer to TAC ¶ 3, ECF No. 40. Coos Bay Police Officer Pete Kirk ("Kirk") cited Plaintiff for traffic violations in October 2021 and March 2022. *Id.* Plaintiff alleges that Kirk harassed her by citing her for driving without a license, threatening her, pulling a gun on her, and lying to the Coos County Court and other government entities. TAC ¶ 8-13. Plaintiff further alleges that Kirk

and others have tried to deprive her of her social security benefits and threatened to deprive her of her vehicle pursuant to official City of Coos Bay Policy. *Id.* ¶¶ 10, 12. She also alleges "Kirk and other sworn employees of the City of Coos Bay have invaded [her] privacy by constantly searching the LEDS (Law Enforcement Data System) for anything they can find to use to torment [her]." *Id.* ¶ 13. Plaintiff seeks declaratory relief, monetary damages, attorney fees, court costs, interest, and injunctive relief directing the Defendant City of Coos Bay to expunge the citations and restore her license accordingly. *Id.* at *4-5.

## STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Plaintiff's motion reads in full:

> Defendants move for Summary Judgment in this matter, summary judgment is appropriate when Defendants are police officers, they are entitled to violate the law without any punishment whatsoever. The court will not allow the Plaintiff to proceed with anything whatsoever, the court refuses to listen to, read or entertain any legal argument by the Plaintiff whatsoever. Defendants are entitled to summary judgment and this court shall GRANT summary judgment to the City of Coos Bay, and the Defendants are awarded $9,000,000,000,000 in costs against the Plaintiff and this Court orders that plaintiffs social security benefits are to be taken for the rest of her life, and that plaintiff be imprisoned in the nearest federal prison for life for even challenging the precious police officers conduct.

Pl. Mot. for Summ. J. The Court finds that Plaintiff's motion is not consistent with Rule 56 of the Federal Rules of Civil Procedure. Rule 56 requires the moving party show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). No degree of liberal construction would lead the Court to conclude that Plaintiff's motion is appropriate for summary judgment.

## RECOMMENDATION

For the reasons above, Plaintiff's Motion for Summary Judgment (ECF No. 81) should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72.

/ / /

/ / /

/ / /

Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 30th day of September 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
