UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ALLISON KATE CHAPMAN, | Case No. 6:23-cv-00907-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CITY OF COOS BAY0, OREGON, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Self-represented party Allison Kate Chapman ("Plaintiff") filed her complaint against the City of Coos Bay, Oregon ("Defendant"), alleging Defendant violated Plaintiff's civil rights and her protections under federal data privacy laws. 3d Am. Compl. ("TAC") at *1, *3–4, ECF No. 37. Plaintiff seeks declaratory, injunctive, and monetary relief. TAC at *4–5. Before the Court is Defendant's Motion for Summary Judgment, ECF No. 85. For the below reasons, Defendant's Motion is granted.

## BACKGROUND

Plaintiff is resident of North Bend, Oregon. TAC at *1. Plaintiff suffered a brain injury as a child and receives social security benefits for a disability resulting from the injury. TAC ¶ 1. Plaintiff is transgender. TAC ¶ 1. Plaintiff alleges that Defendant discriminated against her based on her disability in a 2017 arrest and based on her gender in repeatedly pulling her over. Plaza Decl. Ex. 2 "Chapman Dep." 32:20-25, 105:11–106:21, ECF No. 86-2.

The Coos Bay Police Department has issued Plaintiff multiple citations for traffic violations for driving without privileges or driving while suspended. Plaza Decl., ECF No. 86, Exs. 3–7. Oregon state courts have convicted and fined Plaintiff for these violations. *Id.* Plaintiff appealed her convictions in Oregon state court, and some appeals are pending. Plaza Decl. ¶ 9, Ex. 8. In December 2022, former Oregon Governor Kate Brown excused Plaintiff's outstanding financial obligations to pay her fees associated with her violations from January 2021 and earlier. Plaza Decl. Ex. 10, at *4. Governor Brown's letter did not authorize Plaintiff to drive without a license. *Id.* at ¶ 4. Coos Bay Police Officer Pete Kirk ("Officer Kirk") cited Plaintiff for driving with a suspended license or driving without privileges violations in September 2021, October 2021, March 2022, and February 2023. Plaza Decl. Exs. 3-7. On several occasions, Defendant's officers told Plaintiff her car could be impounded if she continued to drive while suspended or without a license. Esperance Decl. Exs. 1-7, ECF No. 89. Defendant never towed Plaintiff's car. Chapman Dep. 91:17-21. Plaintiff argues that Defendant's arrests, citations, and towing policies violate her due process and fourth amendment rights. Chapman Dep. 92:9-13, 107:17–109:20, 109:23–110:18.

Defendant has access to Plaintiff's vehicle and personal information via its Law Enforcement Data System. Cupp Decl. 2–3, ECF No. 88. Defendant accessed Plaintiff's personal

information multiple times since January 2022. *Id.* Plaintiff alleges that Defendant impermissibly accessed her personal information. Chapman Dep. 116:14–117:3.

Defendant moved for summary judgment on September 9, 2024. Def's Mot. Summ. J. 19, ECF No. 85. The Court ordered Plaintiff to respond by October 11, 2024. ECF No. 91. Plaintiff did not file a response.

## STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630–31. Even where a summary judgment motion is unopposed, summary judgment is improper if "the [moving party's] papers are insufficient to support that motion or on their face reveal a genuine

issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The court must still examine the evidence in the light most favorable to the nonmoving party and determine that the moving party is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

## DISCUSSION

Defendant moves for summary judgment against Plaintiff on several grounds. Defendant argues (1) the statute of limitations bars Plaintiff's discrimination claims; (2) the Court lacks jurisdiction over Plaintiffs claims because the *Rooker-Feldman* doctrine bars Plaintiff's claims and Plaintiff lacks standing to challenge Defendant's tow policy; (3) Plaintiff's evidence fails to establish an official municipal policy; and (4) Plaintiff cannot show Defendant accessed her information for an impermissible purpose.

### I. Plaintiff's Discrimination Claims

Plaintiff alleges[1] that Defendant violated federal laws under 42 U.S.C. § 2000a and 28 U.S.C. § 794 by discriminating against her in places of public accommodation because she is disabled and transgender. Chapman Dep. 32:3-24, 105:11–106:22. Defendants argue that Plaintiff's discrimination claims are barred under the statute of limitations.

#### A. Whether Plaintiff's Discrimination Claims Are Time Barred

Where, as is the case here, federal law does not have an express statute of limitations, the appropriate statute of limitations is that "applicable to the most analogous state-law claim" absent conflicting federal law or policy. *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015).

The most applicable state law claims here are those for discrimination in places of public accommodation, ORS 659A.885(2)(a), discrimination against disabled persons in places of

---

[1] Plaintiff clarified the nature of her claims and legal theories during deposition, which the Court incorporates herein.

public accommodation, *id.*; ORS 659A.142, or for allegations of personal injury against a public body, ORS 30.275(9). *See Sharkey*, 778 F.3d at 770–71 (deciding whether to apply California's limitations for claims alleging discrimination against disabled persons or for claims alleging personal injury). In any event, the latest limitations period here would be two years from the date of occurrence. *Compare* ORS 659A.875(4) (providing a one-year limitation for types of discrimination in public accommodation listed in ORS 659A.403 but not discrimination based on disability) *with* ORS 12.110(1) (providing a two-year limitation period for actions against injury of a person's rights without a specified statute of limitation) *and* ORS 30.275(9) (providing a two-year limitation for actions against a public body).

Plaintiff testified that her discrimination claims mostly arise from her arrest for trespass at Walmart in May 2017. Chapman Dep.105:11–106:22. Plaintiff filed her first complaint in June 2023—more than five years after her two arrests and the incident at Walmart. Compl. at *6, ECF No. 1. The Court need not decide which statute of limitations applies because Plaintiffs claims arising from events in 2017 are barred in all cases.

### B. Plaintiff's Remaining Allegations of Discrimination

Plaintiff also alleges discrimination based on other events. Plaintiff testified that Officer Kirk "antagonizes and challenges people to fight" and that "it's common information that [Plaintiff] [has] a head injury" resulting in Plaintiff's "problems dealing with the public," Chapman Dep. 105:11–106:22, and that Defendant discriminates against her because of her gender by "terrorizing her" and pulling her over, *id.* 32:3-25.

General and conclusory evidence alone does not defeat a summary judgment motion. *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981) (citing *Klopfenstein v. Pargeter*, 597 F.2d 150, 151–52 (9th Cir. 1979) (conclusory affidavit inadequate)). No evidence in the record supports Plaintiff's allegations. As a result, the Court finds that there is insufficient

evidence to establish a genuine issue of material fact that Defendant discriminated against Plaintiff.

## II.  Whether the Court Has Jurisdiction over Plaintiff's Section 1983 Claims

Before proceeding to the merits of the § 1983 claims, the Court must assess whether it has jurisdiction. *See Mendoza v. Strickler*, 51 F.4th 346, 352 (9th Cir. 2022). Accordingly, the Court first addresses Defendant's argument that the Court lacks jurisdiction over Plaintiff's § 1983 claims because (A) Plaintiff's claims implicate the *Rooker-Feldman* doctrine and (B) Plaintiff lacks standing.

### A.  The *Rooker-Feldman* Doctrine

Because the Supreme Court is the only federal court with "authority to review final judgments of a state court in judicial proceedings[,]" federal district courts lack jurisdiction over "cases brought by state-court losers inviting . . . review and rejection of the state court's judgments." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Mendoza*, 51 F.4th at 353 (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). This rule, the *Rooker-Feldman* doctrine,[2] is applied narrowly and "is not triggered simply by entry of judgment in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Instead, the court must first assess whether the action amounts to a de facto appeal of state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). If the action amounts to a de facto appeal, the court lacks jurisdiction over any issue "inextricably intertwined" with the state court judgment. *Id.*

"To determine whether an action functions as a de facto appeal, [the court] 'pay[s] close attention to the *relief* sought by the federal-court plaintiff.'" *Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)). If a

---

[2] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court," the action is a de facto appeal. *Noel*, 341 F.3d at 1163. But *Rooker-Feldman* does not apply where the plaintiff complains of "legal injury caused by the adverse party." *Id.* at 1163–64. A plaintiff may bring an "'independent claim' that, though similar or even identical to issues aired in state court, was not the subject of a previous judgment by the state court." *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th. Cir. 2022) (quoting *Cooper*, 704 F.3d at 778). "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 624–25 (quoting *Cooper*, 704 F.3d at 779).

The Ninth Circuit has addressed the *Rooker-Feldman* doctrine in the context of traffic fines and violations. *Mendoza*, 51 F.4th at 353–54. After being charged and cited for traffic offenses, the plaintiff in *Mendoza* failed to pay the fines imposed by state court. *Id.* at 351. The state court then issued a notice of suspension to the Department of Motor Vehicles ("DMV") to implement procedures to suspend the plaintiff's license under Oregon statutes. *Id.* at 350, 353. Because the plaintiff sought review of the DMV's procedures independent of any state court judgment, *Rooker-Feldman* did not bar her claim even if state court decisions formed part of the basis for the claim. *Id.* at 353–54.

Here, Plaintiff states that she asks the court not to overturn her state court convictions for traffic violations but rather to make a separate finding that Defendant's police officers violated her civil rights. Chapman Dep. 85:5-11. Plaintiff attests, however, that Defendant violated her rights because Defendant's officers issued the tickets leading to her convictions without legal justification. *Id.* 55:20–56:22. Plaintiff attests that Defendant's police officers lied to the Coos County Court to facilitate her convictions and were responsible for the fines and fees the court

imposed on her. *Id.* 55:20–56:22, 66:9-13, 74:15-20. Further, Plaintiff states that Defendant violated her rights in three state court cases leading to her convictions. *Id.* 85:21–86:21, 89:4-22, 90:1-25. Plaintiff also states that Coos County Judges violated her due process rights through her convictions to pay fines because the Judges are "on the payroll" of Defendant. *Id.* 115:7–116:6. In sum, Plaintiff seeks to hold Defendant responsible for "any Coos County Circuit Court Case that resulted from a traffic ticket where the court imposed a fee." *Id.* 55:25–56:13. Defendant argues that Plaintiff's allegations question an element of her conviction because Plaintiff claims she was unlawfully cited because Defendant and Officer Kirk knew that Plaintiff's driver's license was not suspended.

Resolving this allegation would involve reviewing the state court judgments. *See* ORS 811.175 (listing the offense for driving with a suspended or revoked license). Unlike the claim in *Mendoza* where the plaintiff sought review of the DMV's process in suspending her license following a state court judgment, Plaintiff's claim directly implicates the validity of her convictions. The Court cannot rule on her claims without examining the lawfulness of the state court's decisions. For example, asking this Court to determine whether Defendant had legal justification to issue Plaintiff's citations or assess whether Defendant's officers lied to the Coos County Court to secure her conviction amounts to a de facto appeal of the state court's ruling. As a result, Plaintiff's allegations are inextricably intertwined with her state court cases. For the reasons above, the Court lacks jurisdiction over Plaintiff's claims that Defendant deprived Plaintiff of due process in issuing citations upheld in a state court proceeding.

Plaintiff also alleges, however, that Defendant's towing policy is unconstitutional, that Defendant's police officer violated her rights to due process by threatening to tow her car, and that it is official policy of Coos Bay to deprive a person of property without due process of the

Page 8 — OPINION AND ORDER

law. Chapman Dep. 91:13–92:25. These claims do not challenge a legal wrong allegedly committed by the state court but rather bring an independent claim that, although similar to, is not the subject of her state court convictions. Because Plaintiff's challenge to Defendant's policies stands apart from the validity of any state court decision, *Rooker-Feldman* does not bar these claims.

B.     Whether Plaintiff Has Standing to Challenge Defendant's Tow Policy

Defendant argues that Plaintiff lacks standing to challenge the tow policy because Plaintiff only alleges a threat to tow her car; Plaintiff's car was never actually towed.

The U.S. Constitution confers limited authority on the federal courts to hear only active cases or controversies brought by persons who demonstrate standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 578 U.S. at 338.

To have standing, a plaintiff must have the requisite "personal interest . . . at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The required personal interest must satisfy three elements throughout the litigation: (1) an injury in fact, *i.e.*, an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent; (2) a causal connection between the injury-in-fact and the defendant's challenged behavior; and (3) likelihood that the injury-in-fact will be redressed by a favorable ruling. *Id.* at 180–81, 189; *see also Spokeo*, 578 U.S. at 338 (reiterating that the "irreducible constitutional minimum" of standing consists of "an injury in fact . . . fairly traceable to the challenged conduct of the defendant, and . . . likely to be redressed by a favorable judicial decision") (citation omitted).

An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). An injury is "concrete" if it is "*de facto*," meaning that it is "'real' and not 'abstract.'" *Id.* (citations omitted). While a Plaintiff can invoke a federal court's jurisdiction based on a threatened injury, the threatened injury must be "real and immediate" not "conjectural or hypothetical." *Portland Police Ass'n v. City of Portland*, 658 F.2d 1272, 1273 (9th Cir. 1981) (citations omitted). A claim must not rest on a "generalized grievance." *Lujan*, 504 U.S. at 575–76.

Here, Plaintiff's alleged injury results from a past threat to tow her car. Chapman Dep. 91:13–92:25. Defendant produced evidence that this threat is a reference to City of Coos Bay police officers warning Plaintiff that her car could be impounded if she drove with a suspended license. *See, e.g.*, Esperance Decl. Ex. 5, 5:45, 7:51 ECF No. 89-5 (Officer Kirk told Plaintiff "if you drive your vehicle, it could be towed" and "no one is towing your car.") Plaintiff does not allege an immediate or a real threat to tow her car, and the record provides no evidence that Plaintiff's car would be towed in the imminent future or that Plaintiff suffered harm from the officers' statements. Additionally, Plaintiff's allegations amount to generalized grievances with Defendant's tow policy. She attests that Defendant cannot tow vehicles unless the vehicle impedes traffic or cannot be safely moved to the side of the street but brings no evidence that her car has been towed or will be towed. Chapman Dep. 93:1–94:24. For these reasons, the Court finds that Plaintiff fails to show the requisite injury and lacks standing to challenge Defendant's tow policy.

///

///

**III.    Municipal Liability**

Plaintiff advances two other theories of § 1983 liability against Defendant: that Officer Kirk told her it was official policy to deprive a person of her property without due process and that Defendant has a "policing for profit" policy. TAC ¶ 10; Chapman Dep. 31:5-22.

In certain circumstances, a municipality may be held liable as a "person" under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Liability only attaches where the municipality itself causes the constitutional violation through the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

"A plaintiff cannot prove the existence of a *municipal* policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). "The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691).

Plaintiff attests that Officer Kirk told her that it is official Coos Bay policy to deprive a person of their property without due process of law and that the Defendant's practice of issuing citations is "policing for profit." Chapman Dep. 31:5–32:2, 91:13-16. There is no evidence to suggest Officer Kirk had policy making authority or any evidence that similar statements were "persistent and widespread." Additionally, Plaintiff relies only on conclusory allegations. The Court finds no genuine issue of material fact exists to establish municipal liability.

IV.     **Plaintiff's Data Privacy Protection Act Claim**

Plaintiff's remaining claim is that Defendant improperly accessed Plaintiff's personal information under the Data Privacy Protection Act ("Act"). The Act allows an individual to bring an action against any person who knowingly uses, obtains, or discloses information in the individual's motor vehicle record "for a purpose not permitted under this chapter." 18 U.S.C. § 2724(a). Use by a "law enforcement agency, in carrying out its functions," is expressly permitted under the Act. 18 U.S.C. 2721(b)(1).

Plaintiff alleges that the Defendant's employees improperly accessed her information stored on the Law Enforcement Data System "for anything they can find to use to torment [her]." TAC ¶ 12. Plaintiff further argues that Defendant does not need to access her information to write tickets and that each time Defendant accessed her information it was for an impermissible purpose. Chapman Dep. 103:11–104:7. Defendant submitted a record of each time Defendant accessed Plaintiff's information dating back to January 2022. Cupp Decl. 2–3. The record shows that Plaintiff's information was accessed for legitimate purposes when Plaintiff was a victim, a complainant, a suspect, or was subjected to a traffic stop. Cupp Decl. 2–3. There is no evidence to suggest that Defendant's employees accessed Plaintiff's information for anything other than to carry out law enforcement functions. The Court finds there is no genuine issue of material fact with respect to this claim and summary judgment is granted.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons above, Defendant's Motion for Summary Judgment (ECF No. 85) is GRANTED.

DATED this <u>5th</u> day of December 2024.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
